```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                     AT ROANOKE, VA
                                                          FILED

                                                      AUG 22 2006
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF VIRGINIA      JOHN F. CORCORAN, CLERK
                  ROANOKE DIVISION            BY:
                                                     DEPUTY CLERK
```

| | |
|---|---|
| HERMAN D. YOUNG, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00501 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BLUE RIDGE REGIONAL JAIL ) | |
| AUTHORITY ADMINISTRATOR, ) | |
| et. al., ) | By: Hon. James C. Turk |
|     Defendant(s). ) | Senior United States District Judge |

Plaintiff Young, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Young alleges that while he was incarcerated that the Halifax Adult Detention Center (HADC), medical staff there failed to provide him with the heart medications his own doctors had prescribed before his incarceration. He sues Blue Ridge Regional Jail Authority (BRRJA) administrators, seeking monetary damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional

1

Dockets.Justia.com

violation in this context involves both an objective and a subjective component. The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Nonmedical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment for an inmate's condition. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials. Shaw v. Straud, 13 F.3d 791, 799 (4th Cir. 1994).

Under these principles, Young's allegations fail to state any claim actionable under § 1983 against anyone. Clearly, no one ignored his medical condition at HDAC. He saw the jail doctor, who prescribed aspirin and directed the nurses to monitor Young's blood pressure. Young's belief that jail officials should have provided him with the same prescriptions that his own doctors had ordered states nothing more than a disagreement with the jail doctor's diagnosis and treatment plan. The jail doctor's difference of opinion with Young and his other doctors does not constitute deliberate indifference under Estelle. At the most, Young alleges that the doctor and medical staff negligently diagnosed and treated his conditions, and such allegations do not state any constitutional claim. Moreover, all other HDAC staff members and BRRJA administrators rightfully relied on the

doctor's decision regarding appropriate medication and treatment for Young. Thus, Young fails to state any claim against anyone under § 1983 for denial of appropriate medical treatment.

Any state law claim that Young may have regarding his medical treatment is not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c). Thus, the court will dismiss all of Young's claims without prejudice, pursuant to § 1915A and § 1367(c). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of August, 2006.

_____
Senior United States District Judge